[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON APPLICATION FOR PREJUDGMENT ATTACHMENT
This is an action instituted by the plaintiff WHRT against the defendants for money damages. Pending before the court is the plaintiff's Application for a Prejudgment Attachment. For the following reasons, the application is denied.
The defendants Josephine Dinardo, Salvatore Dinardo and Nancy Dinardo are executors of the estate of Peter Dinardo. The plaintiff holds a claim against the estate which was assigned to it by Bank of Boston Connecticut, a creditor of the decedent. This claim has been accepted by the probate estate. According to the inventory and return of claims filed with the Probate Court, the estate has assets of approximately $17,296,430 and liabilities of approximately $7,059,892.
The plaintiff has sued the defendants in their individual capacities primarily on the grounds that they have breached their fiduciary duties as executors because of self dealing and fraudulent transfers committed by them which have reduced the estate's assets. The plaintiff's complaint is in Four Counts. The First Count alleges that the defendants have breached their fiduciary duties owed to the plaintiff; the Second Count alleges that the defendants have committed fraudulent conveyances involving estate property; the Third Count alleges that the defendants have wrongfully converted to their own use assets of the estate; and the Fourth Count alleges that the defendants' actions constitute Unfair Trade Practices in violation of the Connecticut Unfair Trade Practices Act, General Statutes §42-110b et seq. ("CUTPA"). CT Page 1358
The plaintiff's application seeks a $2 million dollar prejudgment remedy. However, the amount of this claim does not appear to be based on any harm specifically flowing from the defendants' actions, but apparently is based on the' amount of the plaintiff's $500,000 claim against the estate, plus treble damages. In other words, the plaintiff is alleging that the defendants' actions have caused the plaintiff to lose an amount equal to the entire amount of its contract based claim. The plaintiff appears to be confusing tort based damages as alleged in the complaint, with contract based damages, which are not alleged in the complaint. In any event, as will be explained further, the plaintiff has neither shown, nor even specifically alleged that the defendants' actions have precluded the plaintiff from ultimately recovering the full amount of its claim.
In regard to the Fourth Count of me complaint alleging a violation of CUTPA, the plaintiff has not shown or alleged that the defendants are engaged in the conduct of any trade or commerce necessary for the application of CUTPA. See C.G.S. § 42-110b.
Assuming arguendo, without deciding, that the defendants have breached duties of care as alleged under counts one through three, the plaintiff has still failed to show that it has suffered losses warranting monetary compensation under any of the counts of the complaint. The plaintiff is not a beneficiary of the estate entitled to either all or a set percentage of the net distribution of the estate so that any decrease in the estate's assets also decreases the amount plaintiff will receive when final distribution occurs. The plaintiff's sole interest in the estate is its claim against the estate based on the debt incurred by the Bank of Boston Connecticut. The plaintiff has not shown that any of the defendants' actions have in fact deprived it of the ability to acquire full payment of its claim from the estate property. The pool of money available to pay the plaintiff's claim has decreased because of the defendants' actions, but not to an extent that actual pecuniary loss has been caused to the plaintiff. According to the plaintiff's evidence, the last accounting indicates that the estate has assets exceeding $17 million and claims of approximately $7 million. Therefore, despite any wrongful acts of the defendants, the plaintiff's claim has been allowed and will be paid in full when the final accounting and distribution of the estate takes place. CT Page 1359
Contrary to the plaintiff's arguments, this result does not give the defendants a "license to steal" for two reasons. First, the court's holding simply comports with the established law that in order for the plaintiff to prevail, it must prove all the elements of its cause of action. The plaintiff has not established probable cause that judgment will enter in its favor because it has failed to show that the defendants' actions have proximately caused the plaintiff any actual monetary harm.
Secondly, this holding does not preclude the plaintiff from pursuing other available remedies. The plaintiff has not sought equitable relief or a restoration to the estate of any lost property. The plaintiff may also seek relief in the Probate Court, including the removal of the executors, and the plaintiff is in fact pursuing its rights concerning the defendants' conduct in a probate appeal presently pending in this court. See DiNardo
v. Appeal From Probate, CV 96-0336705 (Superior Court, Judicial District of Fairfield at Bridgeport).
The plaintiff's final point concerns the motion to dismiss filed by the defendants in which they argued that the complaint should be dismissed because, among other reasons, the plaintiff has not suffered any damages. The plaintiff contends that because the defendant's argument was rejected by the court when it denied the motion to dismiss, then the argument should be rejected now. The plaintiff's position is misplaced because the court's subject matter jurisdiction, as raised by a motion to dismiss, is not lost when the plaintiff fails to prove a necessary element of its cause of action. The court has jurisdiction to find that the plaintiff has not met its burden of proof.
Therefore, for all the foregoing reasons, the plaintiff's Application for Prejudgment Attachment is denied because the plaintiff has failed to show probable cause that judgment will enter in its favor for the amount of the relief sought.
Dated this third day of February 1998.
Barry Stevens, Judge